UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JOSEPH R. SULLIVAN,                                      Case No. 3:11-cv-06134-HA

          Plaintiff,                                       OPINION AND ORDER

      v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

          Defendant.

_____

HAGGERTY, District Judge:

      Plaintiff Joseph R. Sullivan seeks judicial review of a final decision by the Commissioner

of the Social Security Administration denying his application for Disability Insurance Benefits

(DIB) and Social Security Supplemental Income (SSI). This court has jurisdiction to review the

Commissioner's decision under 42 U.S.C. § 405(g). After reviewing the record, this court

concludes that the Commissioner's decision was based on the correct legal standards and must be

AFFIRMED.

## STANDARDS

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits. 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof at steps one through four to establish his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show that jobs exist in a significant number in the national economy that the claimant can perform given his or her residual functional capacity (RFC), age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996). If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits. 20 C.F.R. §§ 404.1520(f)(1), 416.920(a). If the Commissioner meets this burden, the claimant is deemed to be not disabled for purposes of determining benefits eligibility. *Id.*

The Commissioner's decision must be affirmed if it is based on the proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).

When reviewing the decision, the court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098. The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances where the evidence supports either outcome. *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998). If, however, the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision, the decision must be set aside. *Id.* at 720.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff alleges disability as of November 26, 1998 based on a number of physical and mental impairments including post-traumatic stress disorder (PTSD), chronic lumbar cervical strains, human immunodeficiency virus (HIV), infection with arthralgia, a depressive disorder, a gender identity disorder, and a personality disorder.[1] He was last insured for benefits on December 31, 2003. He has a twelfth grade education and special training in explosives. His past work experience includes employment as a supervisor working in aircraft maintenance in the United States Navy, a food service manager, a cook, and a manager trainee at a coffee shop. Three ALJs have issued decisions finding that plaintiff has not been under a disability as defined by the Social Security Act.

Plaintiff applied for SSI and DIB in 1999. After two hearings, the first ALJ found that plaintiff did have an impairment or combination of impairments considered "severe" based on the

---

[1]Plaintiff has at times identified as a woman and has presented as such to some health care providers. As plaintiff has not requested otherwise, and to be consistent with the record, this court refers to plaintiff as a man.

OPINION AND ORDER- 3

requirements in the Regulations 20 C.F.R. §§ 404.1520(b) and 416.920(b). Tr. 24, Finding 3.[2]

The ALJ further found that plaintiff had an unrestricted physical capacity, and that his medically

determinable mental impairments did not prevent him from performing his past relevant work.

The ALJ therefore concluded plaintiff was not disabled as defined in the Social Security Act. Tr.

24, Findings 7-10.

Plaintiff then filed a complaint in this court seeking review of the first ALJ's decision.

The court remanded the case for further proceedings. It found the ALJ failed to credit the

opinion of Dr. Kenneth Callen, a VA psychiatrist, and failed to properly evaluate the opinions of

Katheryn Henninger, a treating nurse practitioner, and William Wheeler, a treating therapist. The

court credited Dr. Callen's opinion as a matter of law and directed the Commissioner to evaluate

the opinions of Henninger and Wheeler. Tr. 977-79.

On remand, the second ALJ found that plaintiff's impairments precluded him from

returning to his past relevant work, but that he was capable of performing unskilled jobs such as

bench assembler, cannery worker, or agricultural produce sorter. Tr. 501-02. The ALJ

concluded plaintiff had not been under a disability as defined in the Social Security Act. Tr. 502-

03, Findings 6, 9, 10. Plaintiff again filed a complaint in this court seeking review of the second

ALJ's decision. The court remanded the case for the ALJ to consider the opinion of Dr. Leslie

Carter, a VA psychologist. The court held that good cause existed for plaintiff's failure to

incorporate Dr. Carter's report into the record for the second ALJ hearing, and that it was material

because there was a reasonable possibility the evidence would result in a change in the

---

[2]Tr. refers to Transcript of the Administrative Record

OPINION AND ORDER- 4

Commissioner's decision. Tr. 1689. The court found no good cause for failing to incorporate a report from Dr. Gary Monkarsh. *Id.*

On the second remand, another hearing was held before a third ALJ. The ALJ found plaintiff had the RFC to perform a range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), subject to certain limitations. While the ALJ found plaintiff was unable to perform any past relevant work, he found that there are jobs that exist in significant numbers in the national economy which plaintiff could perform. Tr. 1660-61. The ALJ concluded plaintiff had not been under a disability as defined in the Social Security Act. Tr. 1665. Plaintiff subsequently initiated this action seeking judicial review for the third time.

## DISCUSSION

Plaintiff contends that this court should reverse and remand the Commissioner's final decision for further findings or for an award of benefits due to a number of alleged errors, including: (1) failing to give clear and convincing reasons for rejecting plaintiff's testimony; (2) improperly rejecting the opinions of the examining psychiatrist and psychologists; (3) failing to credit the opinions of a treating therapist and nurse practitioner; (4) failing to give credit to the VA's award of disability; and (5) failing to meet his burden of proving that plaintiff retains the ability to perform "other work" in the national economy.

### 1.    Plaintiff's testimony

Plaintiff asserts that the ALJ erred in evaluating plaintiff's credibility and rejecting plaintiff's testimony relating to his limitations. If an ALJ finds that a claimant's testimony relating to limitations is unreliable, the ALJ must make a credibility determination citing the reasons why that testimony is unpersuasive. *See Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir.

OPINION AND ORDER- 5

1991). The ALJ must identify specifically what testimony is credible and what testimony undermines the claimant's complaints. *See Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (citation omitted); *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

In evaluating a claimant's claim of subjective symptom testimony, the ALJ must determine whether the claimant has produced objective medical evidence of an underlying impairment which could reasonably be expected to produce the symptoms alleged. 20 C.F.R. § 404.1529(a); *Smolen v. Chater*, 80 F.3d 1273,1281-82 (9th Cir. 1996) (citation and quotation omitted). An ALJ may consider medical evidence as a relevant factor in determining a claimant's credibility. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

The Ninth Circuit set out a threshold test in *Cotton v. Bowen* to assist the ALJ in deciding whether to accept a claimant's subjective symptom testimony. *See* 799 F.2d 1403 (9th Cir. 1986). If the claimant produces evidence that meets the *Cotton* test, and there is no evidence of malingering, then the ALJ can reject the claimant's testimony about the severity of symptoms only after offering specific, clear and convincing reasons for doing so. *See Dodrill*, 12 F.3d at 918.

Under the *Cotton* test, a claimant who alleges disability based on subjective symptoms must demonstrate two things. First, the claimant "must produce objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged . . .'" *Bunnell*, 947 F.2d at 344 (quoting 42 U.S.C. § 423(d)(5)(A) (1988)); *see also Cotton*, 799 F.2d at 1407. Second, he or she must show that the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. This means that the claimant need not produce objective medical evidence of the *symptom*, or the severity

OPINION AND ORDER- 6

thereof:

> Finally, the claimant need not show that her impairment could reasonably be
> expected to cause the severity of the symptom she has alleged; she need only
> show that it could reasonably have caused some degree of the symptom . . . Thus,
> the ALJ may not reject subjective symptom testimony under the *Cotton* analysis
> simply because there is no showing that the impairment can reasonably produce
> the *degree* of symptom alleged (emphasis in original).

*Smolen*, 80 F.3d at 1282 (emphasis added) (citations and footnote omitted).

In addition to medical evidence, factors relevant to the ALJ's credibility determination include: a plaintiff's daily activities; the location, duration, frequency, and intensity of his or her symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medication; treatment, other than medication; measures used to relieve symptoms; and functional limitations caused by the symptoms. *Id.* at 1284; 20 C.F.R. § 404.1529(c)(3).

"The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion." *Smolen*, 80 F.3d at 1284 (citation omitted). In determining that subjective testimony is not credible, the ALJ may rely on:

> (1) ordinary techniques of credibility evaluation, such as the claimant's reputation
> for lying, prior inconsistent statements concerning the symptoms, and other
> testimony by the claimant that appears less than candid; (2) unexplained or
> inadequately explained failure to seek treatment or to follow a prescribed course of
> treatment; and (3) the claimant's daily activities.

*Id.* (citations and footnote omitted).

In sum, if the plaintiff has met the burden of showing that his or her impairment or combination of impairments *could reasonably be expected to* produce some degree of the symptoms plaintiff's testimony describes, and there is no evidence suggesting that the plaintiff is malingering, the ALJ may not reject testimony regarding the severity of plaintiff's symptoms

unless there are clear and convincing reasons for doing so. *Id.* at 1283; *see also Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004).

Here, the ALJ found that plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, satisfying the threshold test from *Cotton*. Tr. 1661. However, the ALJ found plaintiff's statements regarding the intensity, persistence and limiting effects of his symptoms were not fully credible. *Id.* The ALJ identified both evidence of malingering and clear and convincing reasons for rejecting plaintiff's testimony regarding the severity of his symptoms, stating specifically which symptom testimony was not credible and the facts in the record which led to that conclusion.

Regarding malingering, the ALJ pointed to VA treatment notes reflecting a concern for a history of malingering and noted that "numerous treatment providers" suggested plaintiff's claims are likely "factitious or indicative of malingering for purposes of secondary gain." Tr. 1662. The ALJ also incorporated the medical history summarized in the second ALJ's decision. Tr. 1661. That decision identified suspicions of malingering by Brian Neff, a social worker, and Michelle Henninger, a psychology intern. Tr. 493. While Neff and Henninger are not acceptable medical sources for establishing disability, they are acceptable "other sources" to show the severity of an impairment and how it affects plaintiff's ability to work. 20 C.F.R. §§ 404.1513(d), 416.913(d).

Even if this court disregards the allegations of malingering, the third ALJ properly rejected plaintiff's testimony by providing clear and convincing reasons for doing so, identifying specifically which symptom testimony was not credible and which facts in the record supported his conclusion. Detailed findings identifying inconsistencies between a claimant's testimony regarding the severity of his limitations and evidence of the claimant's daily activities constitute

clear and convincing reasons to reject the claimant's testimony. *Thomas v. Massanari*, 25 F. App'x 510, 512 (9th Cir. 2001). The ALJ found plaintiff's statements that his anxiety levels were low, his nightmares were almost completely suppressed, and his mood was stable, as well as his decision to move into the role of "daddy day care," suggestive that plaintiff was not suffering from a debilitating physical or mental impairment. Tr. 1663. The third ALJ also incorporated the findings and rationale of the second ALJ decision, which in turn incorporated the first ALJ's review and analysis of the evidence. Tr. 492, 1663.

The first ALJ decision identified inconsistencies in plaintiff's testimony and inconsistencies between plaintiff's reported degree of limitation and his daily activities. Specifically, the ALJ noted the inconsistency between plaintiff's assertion that he had no interest in any activities and was depressed twenty-four hours every day, and his testimony that he played games, conversed with others, and conducted research on the internet. Tr. 17-18. The ALJ noted plaintiff had claimed disability since 1998, but reported stress from "work pressures" in 1999.[3] He noted the inconsistency between plaintiff's report of having "chronic and severe agoraphobia" and evidence that plaintiff maintained relationships with two women, traveled, and participated in a weekly bowling league. Tr. 19. The ALJ identified inconsistencies regarding plaintiff's reported sleeping difficulties and his ability to adapt to a varied work schedule. Tr. 21. The ALJ also believed plaintiff's reported PTSD symptoms were likely exaggerated based on plaintiff's internet research of PTSD symptoms and the "textbook fashion" in which he reported his symptoms. Tr. 18.

---

[3]The ALJ did not pursue the possible unreported work activity, finding resolution of the issue unnecessary. Tr. 19.

OPINION AND ORDER- 9

Taken together, the analyses of the three ALJ decisions constitute clear and convincing reasons supported by substantial evidence in the record to determine plaintiff's testimony is not fully credible.

## 2.      Rejecting opinions of examining physicians

Plaintiff asserts that the ALJ failed to give clear and convincing reasons supported by substantial evidence on the record for rejecting the opinions of Dr. Kenneth Callen, an examining psychiatrist, and Drs. Paul Stolzfus, Leslie Carter, Gary Monkarsh, and H. F. Shellman, examining psychologists. The opinion of an examining physician cannot be lightly disregarded. However, such opinions are "not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability." *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). The ALJ may reject the contradicted opinion of a treating or examining physician by stating specific and legitimate reasons for doing so, and may reject an uncontradicted treating or examining physician opinion by providing clear and convincing reasons, supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005); *see also Lester v. Chater*, 81 F.3d 821, 830-32 (9th Cir. 1995) (stating that an ALJ must provide clear and convincing reasons for rejecting uncontroverted expert opinions, and must provide specific, legitimate reasons for rejecting controverted expert opinions). An ALJ may reject a physician's opinion which is "premised to a large extent upon the claimant's own accounts of his symptoms and limitations . . . once those complaints have themselves been properly discounted." *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

OPINION AND ORDER- 10

a.      **Dr. Callen**

The first opinion from this court held that the first ALJ had failed to consider the

diagnoses of two other doctors in rejecting Dr. Callen's opinion, determining Dr. Callen's opinion

should be credited as a matter of law. Tr. 977. This court directed the Commissioner to "include

any limitations the Commissioner concludes are a result of PTSD in the RFC finding." Tr. 979.

Plaintiff contends that the third ALJ should be reversed because he defied the court's order.

When the Commissioner fails to provide adequate reasons for rejecting the opinion of a

treating or examining physician, that opinion is generally credited as a matter of law. *Lester v.*

*Chater*, 81 F.3d 821, 832 (9th Cir. 1995). The "crediting as true" doctrine, however, is not

mandatory. *See Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003) ("[i]nstead of being a

mandatory rule, we have some flexibility in applying the 'crediting as true' theory"). This court

construes the reasoning in *Connett* to permit some exercise of discretion in determining whether

to credit a physician's improperly rejected testimony as true.

The third ALJ gave clear and convincing reasons supported by substantial evidence in the

record such that he could properly reject Dr. Callen's opinion. The ALJ found that Dr. Callen

relied on "erroneous information" regarding plaintiff's alleged brain aneurysm. Tr. 1662. The

ALJ noted that the voluminous medical record fails to document that plaintiff actually had a

brain aneurysm, and that plaintiff's attainment of an associate's degree and completion of college

classes is inconsistent with his self-reported cognitive deficits. *Id.* Further, Dr. Callen's opinion

was premised to a large extent on plaintiff's reporting of symptoms which the ALJ had properly

discounted. Plaintiff's contention that other evidence in the record noted a history of a cerebral

aneurysm is of little help. A report from the VA neurosurgery team concludes plaintiff has no

OPINION AND ORDER- 11

brain aneurysm. Tr. 1117.

Even in rejecting Dr. Callen's opinion, the third ALJ complied with this court's previous order. The ALJ found plaintiff did have severe impairments including PTSD, and concluded that plaintiff's PTSD and other psychological symptoms limited plaintiff to simple tasks of one to three steps that involve only limited interaction with co-workers or supervisors and no public interaction. Tr. 1657, 1660. While plaintiff offered evidence suggestive of additional limitations resulting from his PTSD, the ALJ properly rejected that evidence.

Where the evidence supports either outcome, the reviewing court must uphold the ALJ's decision. *Reddick*, 157 F.3d at 720-21. Here, the ALJ's rejection of Dr. Callen's opinion, and the ALJ's findings as to plaintiff's limitations resulting from PTSD, are supported by substantial evidence in the record and must be upheld.

   b.   **Dr. Stolzfus**

Plaintiff asserts that the ALJ improperly rejected the opinion of Dr. Paul Stolzfus, an examining psychologist, by failing to provide clear and convincing reasons for doing so, and that it should now be credited as a matter of law. The third ALJ did not address Dr. Stolzfus's opinion directly, but considered it by incorporating the findings of the second ALJ decision. Tr. 1663.

During his visit with Dr. Stolzfus, plaintiff alleged a background of PTSD, depression, social avoidance, and a past aneurysm. Doctor Stolzfus diagnosed PTSD, depressive disorder, panic disorder with agoraphobia, gender identity disorder by medical reports, and personality disorder. The second ALJ considered Dr. Stolzfus's report, but gave it little weight because he

found it to be inconsistent with plaintiff's mental status testing, wide range of life activities, and other long-term evaluations. Tr. 495.

Mental status testing in Dr. Stolzfus's report indicated plaintiff's "thought processes were intact, coherent, and understandable" and that his "intellectual ability is above average." Tr. 1309. Taken together, the three ALJ decisions identify extensive inconsistencies between plaintiff's alleged limitations, including those reported to Dr. Stolzfus, and plaintiff's daily activities and success in college classes. Further, Dr. Stolzfus's opinion is premised to a large extent on plaintiff's properly discredited reporting of symptoms, and on the properly rejected opinions of Drs. Carter and Callen. Tr. 1306. The third ALJ also pointed to a March 2010 report indicating plaintiff's PTSD is "under good control" and suffers only from "mild depression." Tr. 1663, 2760-61. The documented inconsistencies between purported limitations and daily activities and mental status testing, together with recent evidence that plaintiff's PTSD is under control, constitute clear and convincing reasons to reject Dr. Stolzfus's opinion.

Plaintiff contends that his daily activities are limited, that he had difficulty attending college, and that other evidence indicates the symptoms of his PTSD and depression are more severe than the ALJ viewed them to be. However, where the evidence supports either outcome, the reviewing court must uphold the ALJ's decision. *Reddick*, 157 F.3d at 720-21. Here, the ALJ's rejection of Dr. Stolzfus's opinion is supported by substantial evidence and must be upheld.

  **c.**   **Dr. Carter**

The ALJ gave little weight to Dr. Carter's opinion. In addition to noting that Dr. Carter's opinion relied on erroneous information regarding lingering cognitive effects of a brain aneurysm that "never actually occurred," the ALJ pointed out that the opinion was "based largely" on

plaintiff's self-reporting of symptoms which was "only partially credible." Tr. 1662.  Having

properly discounted plaintiff's testimony, the ALJ had sufficient basis to reject Dr. Carter's

opinion. *Andrews*, 53 F.3d at 1043.

###   d.    Dr. Monkarsh

Plaintiff asserts Dr. Gary Monkarsh's report supports a finding of disability, and that the

ALJ erred in failing to consider it.  During the second review, this court found that plaintiff had

not established good cause for his failure to incorporate Dr. Monkarsh's October 2002 report into

the record before the 2004 hearing and did not order the third ALJ to consider it on remand.  Tr.

1689.  However, Dr. Monkarsh's report was subsequently submitted and is now part of the

record.

An ALJ must consider all the medical opinions in the record together with the rest of the

evidence.  20 C.F.R. § 404.1527.  However, an ALJ's decision will not be reversed for harmless

error, which exists when the record clearly shows that the error was "inconsequential to the

ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir.

2008) (internal quotations and citations omitted).  As it was part of the record, the ALJ should

have considered Dr. Monkarsh's report, but his failure to do so was harmless error and does not

require reversal.

While the ALJ made no reference to Dr. Monkarsh's report, he did consider the opinion

of Dr. Carter, which was formed in part by reviewing Dr. Monkarsh's report.  The ALJ rejected

Dr. Carter's opinion because it was based on unreliable symptom testimony and because the

diagnosis was based on a non-existent cerebral aneurysm.  Tr. 1662.  Similarly, Dr. Monkarsh's

report was based largely on plaintiff's self-reported symptoms.  Tr. 773-75.  The subjective

OPINION AND ORDER- 14

complaints identified in Dr. Monkarsh's report were the very same symptoms the ALJ found to be inconsistent with plaintiff's daily activities and other evidence in the record. Having properly determined plaintiff's report of his symptoms unreliable, had the ALJ considered Dr. Monkarsh's report, he could properly have rejected it. Further, Dr. Monkarsh's report concluded that there is "no evidence" of "significant cognitive impairment." Tr. 774-75. This is consistent with the ALJ's RFC determination.

Dr. Monkarsh's report was largely incorporated into that of Dr. Carter, both of which were based largely on plaintiff's properly discredited symptom reporting. Dr. Monkarsh's report supports a finding that plaintiff has no significant cognitive impairment. The ALJ should have reached the same conclusion had he considered the report. As such, the ALJ's failure to consider Monkarsh's opinion was inconsequential in the ultimate nondisability determination.

e.      **Dr. Shellman**

The first ALJ, whose analysis was incorporated in subsequent ALJ decisions, rejected the opinion of Dr. H. F. Shellman, an examining psychologist. Tr. 20. Dr. Shellman's report stated that plaintiff had "marked" limitations in social functioning and concentration, persistence, and pace, and "often" had episodes of deterioration in work-like settings. Tr. 392-94. On appeal, this court found the ALJ had properly rejected Dr. Shellman's opinion in favor of that of Dr. John Nance, who testified that plaintiff had "moderate" limitations in social functioning and "mild" limitations in concentration, persistence, and pace. Tr. 975. Plaintiff urges that Dr. Shellman's opinion requires a second look in light of the opinions of Drs. Monkarsh, Stolzfus, and Carter.

It is the responsibility of the ALJ to resolve conflicts and ambiguities in the medical record. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). Where an ALJ's interpretation

OPINION AND ORDER- 15

of the evidence is reasonable and supported by substantial evidence in the record, it is not this court's role to second-guess it. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The first ALJ found conflicts between Dr. Shellman's opinion and Dr. Nance's testimony. The third ALJ, incorporating the analyses of the prior ALJ decisions, found extensive inconsistency between plaintiff's alleged limitations, including those suggested in Dr. Shellman's report, and plaintiff's daily activities. The ALJ interpreted this evidence to mean plaintiff was not as limited as he claimed, basing this conclusion on specific and legitimate reasons supported by substantial evidence in the record.

3.    **Crediting opinions of treating nurse practitioner and therapist**

An ALJ must consider all the medical opinions in the record together with the rest of the evidence. 20 C.F.R. § 404.1527. Physicians and certain other qualified specialists are considered "acceptable medical sources." 20 C.F.R. § 404.1513. The ALJ may reject a physician's opinion "if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (citing *Morgan v. Comm'r Soc. Sec. Admin.,* 169 F.3d 595, 602 (9th Cir.1999)). To discredit an opinion which does not come from an acceptable medical source, an ALJ need only provide reasons that are "germane" to that witness. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

a.    **Katheryn Henninger, treating nurse practitioner**

A treating nurse practitioner may be considered an acceptable medical source or an "other source." *Cf. Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234 (9th Cir. 2011) (holding nurse practitioner working under close supervision of physician was an acceptable medical source) with *Bain v. Astrue*, 319 F. App'x 543, 546 (9th Cir. 2009) (holding nurse practitioner

was not an acceptable medical source).  Whether Henninger is an acceptable medical source or

not, the ALJ properly rejected her opinion.  The second ALJ decision, incorporated into the third

ALJ decision, noted Henninger's assessment was made on a check-box form with no clinical

findings for its support.  Tr. 494.  Where an opinion is presented on a check-box form without

supporting clinical findings, germane reasons exist to reject it.  *Molina v. Astrue*, 674 F.3d 1104,

1111 (9th Cir. 2012).  Even if Henninger is an acceptable medical source, her opinion is based to

a large extent on plaintiff's self-reports that have been properly discounted as unreliable,

providing sufficient basis for the ALJ to reject it as an opinion from an acceptable medical

source.  *Tommasetti*, 533 F.3d at 1041.

Further, the record shows Henninger indicated she thought plaintiff was suited to part-

time work or work with a flexible schedule, and that a repetitive, entry-level job would not

exacerbate plaintiff's psychological symptoms in the workplace.  Tr. 386, 416.  Thus even if the

ALJ had given more weight to Henninger's opinion, it would have been "inconsequential to the

ultimate nondisability determination."  *Tommasetti*, 533 F.3d at 1038.

### b.    William Wheeler, treating therapist

The third ALJ did not directly address Wheeler's opinion.  Instead, he incorporated the

findings of the second ALJ, who took Wheeler's opinion into account but did not give it much

weight.  Tr. 493.  Wheeler's report documents plaintiff's complaints of sleep disturbance,

nightmares, isolation, chronic emotional avoidance, and interpersonal difficulties.  He concluded

that plaintiff is unable to obtain or maintain gainful activity due to his PTSD.  Tr. 361.  As a

therapist, Wheeler is an "other source," not an "acceptable medical source."  20 C.F.R. §

404.1513. The second ALJ noted that Wheeler "did not assess any particular limitations that

OPINION AND ORDER- 17

would prevent work" and "did not describe clinical findings to support [his] opinion," and that plaintiff's daily activities were inconsistent with Wheeler's conclusions. Tr. 493. These are germane reasons to reject Wheeler's opinion. *Molina*, 674 F.3d at 1111. Even if Wheeler were an acceptable medical source, his opinion is based "to a large extent" on plaintiff's self-reports that have been properly discounted as incredible, entitling the ALJ to reject the opinion. *Tommasetti*, 533 F.3d at 1041.

4.    **Veterans Administration disability determination**

An ALJ must ordinarily give great weight to a VA determination of disability. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). However, the criteria for a VA disability rating are not identical to those required for DIB. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 695 (9th Cir. 2009). The ALJ may give less weight to the VA rating only if he provides "persuasive, specific, valid reasons for doing so that are supported by the record." *Id.* Properly discrediting an opinion upon which the VA determination was based, or reviewing additional evidence that the VA did not consider, such that a reevaluation of old evidence is justified, constitutes a persuasive, specific, and valid reason supported by the record for according little weight to a VA disability rating. *Id.*

As discussed above, the ALJ properly discredited the opinions of Drs. Callen and Carter, the opinions on which the VA disability determination relied. The ALJ also relied on evidence of plaintiff's daily activities which the VA did not review, and documented specific inconsistencies between plaintiff's alleged limitations and his daily activities. Tr. 1662-63. These are persuasive, specific, valid reasons for giving less weight to the VA disability rating that are supported by the record.

OPINION AND ORDER- 18

5.      **Vocational expert testimony**

Plaintiff contends that the ALJ failed to establish that plaintiff could perform "other

work" in the national economy at step five in the analysis.  To meet this burden, the

Commissioner may rely on the testimony of a VE. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616

F.3d 1068, 1071 (9th Cir. 2010) (citation omitted).  The ALJ, therefore, must pose a hypothetical

question to a VE that includes all of the claimant's functional limitations, both physical and

mental, that are supported by the record. *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002).

If the hypothetical fails to take into account all of the claimant's limitations which are supported

by the record, it is defective and cannot provide substantial evidence for the ALJ's ultimate

disability determination. *Valentine*, 574 F.3d at 690.  If the ALJ makes specific findings

justifying rejection of the claimant's testimony, he may exclude limitations alleged in the

claimant's testimony from the hypothetical posed to the VE. *Jhaveri v. Chater*, 87 F.3d 1319 (9th

Cir. 1996).

The third ALJ relied on the testimony of the VE during the second hearing.  Tr. 1664.

Plaintiff contends that the hypothetical the second ALJ propounded to the VE was defective

because it failed to include some limitations alleged in plaintiff's testimony and supported by

certain medical opinions.  As those medical opinions and plaintiff's testimony were properly

rejected, the ALJ properly excluded the limitations they suggested.

Plaintiff further contends that the second ALJ failed to incorporate plaintiff's moderate

limitations in social functioning and in concentration, persistence, and pace which were

supported by the record.  The VE testimony in the second ALJ decision was based on a

hypothetical person who could perform "simple, 1-2-3 step tasks" and who "would work best on

OPINION AND ORDER- 19

his own and should have limited interaction with co-workers and supervisors, and no public interaction." Tr. 501.   Plaintiff asserts that the "simple, 1-2-3 step tasks" limitation does not account for moderate limitations in concentration, persistence, and pace.

A hypothetical including the ability to perform "simple, routine, repetitive tasks" can adequately capture a claimant's deficiencies with concentration, persistence and pace. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (citing *Smith v. Halter,* 307 F.3d 377, 379 (6th Cir. 2001)).   Similarly, the ALJ's hypothetical of a person who could perform "simple, 1-2-3 step tasks" adequately captured plaintiff's moderate limitations in concentration, persistence, and pace.   Thus the hypothetical propounded to the VE was adequate and the ALJ was entitled to rely on it in support of his finding at step five of the evaluation process.

## CONCLUSION

For the reasons provided, this court concludes that the Commissioner's findings were based upon the correct legal standards and were supported by substantial evidence existing in the record.   The decision of the Commissioner denying Joseph Sullivan's application for disability benefits must be AFFIRMED.

IT IS SO ORDERED.

DATED this **10** day of July, 2012.

Ancer L. Haggerty

United States District Judge

OPINION AND ORDER- 20